UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LINDA CONLISK, et al.,

        Plaintiffs,

        v.

OYSTER POINT HOTEL/MOLLY
PITCHER INN, INC., et al.,

        Defendants.

Civil Action No. 15-775 (MAS) (DEA)

**MEMORANDUM ORDER**

      This matter arises from a personal injury action brought by Plaintiffs Linda Conlisk ("Ms. Conlisk") and Thomas Conlisk (collectively "Plaintiffs") for injuries suffered when Ms. Conlisk allegedly tripped and fell while walking through a glass doorway at the Molly Pitcher Inn (the "Inn"). (*See generally* Compl., ECF No. 1.) The Inn is owned by Oyster Point Hotel, Inc.[1] ("Oyster Point"). (Third Party Compl. ¶ 3, ECF No. 11.) Before Ms. Conlisk's accident, Oyster Point retained KSQ Architects, PC ("KSQ"), an architectural firm, and Woodward Construction ("Woodward"), a construction company, for the construction of certain improvements at the Inn. (*Id.* ¶¶ 5-6.) These improvements included the design and construction of the glass doorway where Ms. Conlisk's accident allegedly occurred. (*Id.* ¶ 7.) In the Complaint, Plaintiffs allege that Ms. Conlisk's fall was caused by Oyster Point and Woodward's negligence. (ECF No. 1.) Accordingly, Plaintiffs assert claims for damages against Oyster Point and Woodward. (*Id.*) In its answer, Woodward asserts cross claims against Oyster Point for contribution, indemnification, and allocation of negligence liability. (ECF No. 5.) Likewise, Oyster Point asserts the same cross

---

[1] Improperly pled as "Oyster Point Hotel/Molly Pitcher Inn, Inc."

claims against Woodward. (ECF No. 7.) In addition, Oyster Point filed a third party complaint against KSQ for, among other things, indemnification and joint tortfeasor liability. (ECF No. 11.) Thereafter, KSQ filed cross claims against Oyster Point and Woodward for contribution and indemnification. (ECF No. 23.) This matter comes before the Court on Defendant Woodward's Motion for Partial Summary Judgment as to Oyster Point and KSQ's three cross claims for: (1) common law indemnification; (2) common law contribution; and (3) contract indemnification (Oyster Point's Answer, ECF No. 7; KSQ's Am. Answer, ECF No. 30[2]). (ECF No. 24.) Oyster Point filed opposition. (ECF No. 26.)

In its motion, Woodward argues that it is entitled to summary judgment on Oyster Point and KSQ's cross claims against it because its contractual obligation to indemnify and insure Oyster Point and KSQ from liability for injuries caused by the performance of Woodward's work has expired. (Woodward's Moving Br. 4, ECF No. 24.) Oyster Point's cross claims for common law indemnification and contribution do not, however, rely on Woodward's contractual obligations, i.e. regardless of whether the *contract* required Woodward to insure and indemnify Oyster Point, Woodward may be liable for common law contribution and indemnification. Likewise, KSQ's cross claim for contribution is not dependent on any contractual obligations between Woodward and KSQ. Accordingly, Woodward's motion for summary judgment is denied with respect to these claims.

---

[2] On January 29, 2016, KSQ filed an Amended Answer. (ECF No. 30.) As KSQ's cross claims against Woodward for indemnity and contribution are the same in all material respects in the Amended Answer as in the Answer, the Court shall construe the motion for partial summary judgment as applying to the Amended Answer. In addition, with respect to KSQ's newly asserted cross claim for "contractual indemnification" against Woodward, as this claim is also contained in Oyster Point's Answer, and the Court's analysis of Oyster Point's claim for contractual indemnification is equally applicable to KSQ's cross claim for contractual indemnification, the Court shall construe Woodward's motion for partial summary judgment as applicable to this cross claim as well.

2

With respect to Oyster Point and KSQ's claims for contractual indemnification, however, given that these claims "arise[] out of [Oyster Point's] contractual relationship with co-defendant [Woodward]," the contract between Woodward and Oyster Point, which also references KSQ as Oyster Point's agent, is relevant to these claims. (Oyster Point's Answer 5; *see also* KSQ's Am. Answer 8.) Specifically, Article 4.1 of the contract between Woodward and Oyster Point provides:

> To the extent permitted by applicable law [Woodward] assumes the entire responsibility and liability for, and agrees to defend, indemnify and hold harmless [Oyster Point], the owner of the premises and [its] agents from and against damage or injury 'including death resulting therefrom' to all persons whether employees of [Woodward] or otherwise, and to all property (including loss of use thereof) caused by, resulting from, arising out of or occurring in anyone in connection with the Work, and all other damage, direct or indirect, of whatsoever nature, resulting from the performance of the Work, however caused or occasioned, *accepting* [sic] ***the willful misconduct or gross negligence of [Oyster Point]***.

(Woodward's Statement of Facts, Ex. C ("Woodward's Construction Contract"), ECF No. 24-1 (emphasis added).) In its motion for summary judgment, Woodward asserts that the "indemnity provision expressly states that [Woodward] would not assume liability for [Oyster Point and KSQ's] willful misconduct or gross negligence," and that Oyster Point, through its agent KSQ, "acted willfully when it instructed [Woodward] to install the door which did not meet [Americans with Disabilities Act] regulations, and further [Oyster Point and KSQ] knew the door would not be flush with the floor." (Woodward's Moving Br. 6.) Whether Oyster Point and/or KSQ engaged in willful misconduct or gross negligence is, however, an issue of disputed fact. While Woodward submitted e-mail correspondence indicating that KSQ instructed Woodward to install the subject doorway (Woodward's Statement of Facts, Ex. D, ECF No. 24-2), this correspondence is not sufficient to show by a preponderance of evidence that Oyster and/or KSQ engaged in willful

3

misconduct or gross negligence as a matter of law. Accordingly, the Court denies summary judgment on these claims.[3]

Accordingly,

**IT IS** on this 15th day of April 2016, **ORDERED** that Woodward's Motion for Partial Summary Judgment (ECF No. 24) is denied.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

---

[3] Woodward argues, in the alternative, that because the indemnity provision is ambiguous, it should not be construed to require indemnification for damages caused by Oyster Point's negligence. (Woodward's Moving Br. 6-7.) Regardless of whether this provision is ambiguous, however, as discussed above, Woodward has not established, as a matter of law, that either Oyster Point or KSQ acted negligently. Thus, at this juncture, disputes as to material facts preclude granting summary judgment.